**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| (1) GREGORY P. MANGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No:   23-cv-00142-GKF-SH |
| | ) | |
| v. | ) | |
| | ) | |
| (1) THE BLACK WALL STREET | ) | |
| TIMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Gregory P. Mango ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant The Black Wall Street Times, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.       This action seeks to recover damages for copyright infringement.

2.       Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3.       Defendant owns and operates a website known as theblackwallsttimes.com (the "*Website*").

4.       Defendant owns and operates a social media account on Facebook named as "@TheBWSTimes" (the "*Account*").

5.       Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

## PARTIES

6.      Plaintiff Gregory P. Mango is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

7.      Upon information and belief, Defendant The Black Wall Street Times, Inc., is a Delaware corporation with a principal place of business at 217 E Archer St, Tulsa in Tulsa County, Oklahoma.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over The Black Wall Street Times, Inc. because it maintains its principal place of business in Oklahoma.

10.      Venue is proper under 28 U.S.C. §1391(a)(2) because The Black Wall Street Times, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.      Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

12.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.      Plaintiff's photographs are original, creative works in which Plaintiff's own

protectable copyright interests.

15.     The Black Wall Street Times, Inc. is the registered owner of the Website and the Account and is responsible for its content.

16.     The Black Wall Street Times, Inc. is the operator of the Website and the Account and is responsible for its content.

17.     The Website and the Account are popular and lucrative commercial enterprises.

18.     The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

19.     The Account is monetized in that it redirects and promotes traffic to Defendant's Website and, upon information and belief, Defendant profits from these activities.

20.     On January 20, 2022, Plaintiff authored a photograph of ex NYPD detective Joseph Franco escorted in a Bronx courthouse (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

21.     Plaintiff applied to the USCO to register the Photograph on or about April 3, 2022 under Application No. 1-11292770693.

22.     The Photograph was registered by the USCO on April 3, 2022 under Registration No. VA 2-297-796.

23.     On February 28, 2022 Plaintiff first observed the Photograph on the Website in a story dated January 21, 2022. A copy of the screengrab of the Website and the Account including the Photograph is attached hereto as Exhibit 2: #1.

24.     The         Photograph         was         displayed         at         URL: https://theblackwallsttimes.com/2022/01/21/bronx-ex-cops-lies-could-result-in-500-arrests-tossed-out/.

25.     The         Photograph        was         stored        at         URL: https://i0.wp.com/theblackwallsttimes.com/wp-content/uploads/2022/01/judge-felony-joseph-franco-01.jpeg?w=1024&ssl=1.

26.     The Photograph was also observed on the Account in 3 posts dating January 21, 2022, February 1, 2022, and February 18, 2022. Copies of the screengrabs of the Account including the Photograph is attached hereto as Exhibit 2: #2 - #4.

27.     The        Photographs       are       displayed       at       URL: https://www.facebook.com/TheBWSTimes/.

28.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Website and the Account.

29.     Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

30.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

31.     The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website and the Account.

32.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and the Account, including, but not limited to copying, posting,

selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33.     Upon information and belief, Defendant directly contributes to the content posted on the Website and the Account by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Ezekiel J. Walker who is described on Defendant's Website as a "Staff Writer" ("Employees").

34.     Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

35.     Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

36.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website and the Account by Defendant.

37.     Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

38.     On or about January 27, 2023, Plaintiff, through his counsel, notified Defendant of its infringement by drafting a letter which was mailed to Defendant's principal place of business.

39.     Despite the notification, Defendant has continued to store and display Plaintiff's Photograph on the Website and Account.

40.     Defendant's continued use of Plaintiff's Photograph despite the foregoing notification of its Infringement is per se willful copyright infringement.

41.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

42.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and the Account and exercised and/or had the right and ability to exercise such right.

43.     Upon information and belief, Defendant monitors the content on its Website and the Account.

44.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

45.     Upon information and belief, the Infringement increased traffic to the Website and the Account and, in turn, caused Defendant to realize an increase in its advertising revenues.

46.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and the Account.

47.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

49.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

50.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51.     The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

52.     Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

53.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

55.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article and posts on the Website and the Account.

56.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17

U.S.C. § 502.

## JURY DEMAND

59.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

a.      finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre judgment interest as permitted by law; and

       f.       for any other relief the Court deems just and proper.


DATED: April 10, 2023

                                            **SANDERS LAW GROUP**

                                            By: ___*/s/ Craig B. Sanders*___
                                            Craig B. Sanders, Esq.
                                            333 Earle Ovington Boulevard
                                            Suite 402
                                            Uniondale, NY 11553
                                            Tel: (516) 203-7600
                                            Email: csanders@sanderslaw.group
                                            File No.: 125580

                                            *Attorneys for Plaintiff*